HENRY RECHTSCHAFFER, Respondent, v. JACOB RECHTSCHAFFER, Appellant.— In an action to recover for services allegedly rendered to the appellant, order denying appellant's motion for judgment on the pleadings or for summary judgment with respect to the second cause of action alleged in the third amended complaint, affirmed, with $10 costs and disbursements. The pleadings and affidavits indicate that, even on a *quantum meruit* basis, the plaintiff's services may have had some value to the defendant personally. Upon this record it is not clear that the corporation by which plaintiff was employed was the sole

beneficiary of those services or that the services did not exceed in value the salary plaintiff agreed to accept from the corporation. Lewis, P. J., Carswell and Johnston, JJ., concur; Hagarty and Adel, JJ., dissent and vote to reverse the order on the law and to grant the motion, with the following memorandum: The contract described in the complaint is void, not merely unenforcible. The contract aside, plaintiff might recover for services rendered to the defendant, not to the corporation in which defendant was, by representation, a stockholder, officer and director. The papers in the record on appeal make clear that no services were rendered to the individual defendant; that the only disputed factual issues relate to an action on contract, and that there are no material triable issues. Cases such as *Suren* v. *Handel* (205 App. Div. 829) and *Adams* v. *Fitzpatrick* (125 N. Y. 124) concerned breaches of contract obligations, where the contracts were valid, and not a situation where a contract was void under the Statute of Frauds and a recovery was sought, nevertheless, for services actually rendered and accepted. [See *post*, p. 843.]